UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE LAMONT MOORE,<br><br>    Petitioner,<br><br>    v.<br><br>H. A. RIOS,<br><br>    Respondent. | Case No.: 1:11-cv-01446-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 19) |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

The instant petition was filed on August 29, 2011. (Doc. 1). On November 7, 2011, Respondent filed a motion to dismiss the petition, arguing, inter alia, that Petitioner's claim that collecting restitution through the Inmate Financial Responsibility Program ("IFRP")_ was an

1

unconstitutional delegation of the sentencing court's authority was without merit. (Doc. 13). On January 12, 2012, the Magistrate Judge entered Findings and Recommendations to grant the motion to dismiss and dismiss the petition. (Doc. 15). On February 23, 2012, the district court judge adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed. (Doc. 17). On May 22, 2012, Petitioner filed the instant motion for reconsideration, asking the Court to reconsider its decision in light of the Ninth Circuit's May 8, 2012 decision in Ward v. Chavez, ___F.3d___, 2012 WL 1592171 (9th Cir. May 8, 2012). (Doc. 19). For the following reasons, the Court will deny the motion for reconsideration.

## **DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion."   Local Rule 230(j). (Emphasis supplied).

Although it is uncontroverted that Chavez was decided after judgment was entered and prior to Petitioner's motion for reconsideration, that decision by the Ninth Circuit provides no basis for altering the Court's decision in this case.  In Chavez, a divided panel held that when a sentencing court orders restitution and indicates nothing more than that the restitution is to be paid "immediately," the order is insufficient and constitutes an unauthorized delegation of the court's power to Respondent to establish a repayment schedule.  Chavez, 2012 WL 1592171, *3-4.

The Findings and Recommendations issued by the Magistrate Judge and adopted by this Court assumed, for purposes of the analysis, that the sentencing order was insufficient, but further concluded that any error by the sentencing court was harmless because, if the amount Petitioner was paying to the IFRP was greater than what the sentencing court would have imposed, Petitioner was doing so voluntarily, and if it were less, then Petitioner could have no grounds to complain.  Chavez does not address the question of harmless error at all, and thus its holding is not contrary to the Court's own

3

analysis in this case.  Moreover, in this case the Court made clear that its harmless error analysis was based on the specific and unique circumstances of this case--specifically that the North Carolina court's sentencing order expressly provided for payment to the federal court, not to the IFRP, and that Petitioner had, over the course of many years, voluntarily opted into and out of the IFRP program on at least ten separate occasions since 1999, making various restitution payments in the process.

Because Chavez is not inconsistent with the Court's harmless error ruling, and because Petitioner has failed to assert any other cognizable basis for granting reconsideration, his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 19), is DENIED.

IT IS SO ORDERED.

Dated:   **May 24, 2012**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE