UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE LAMONT MOORE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>H. A. RIOS,<br><br>　　　　Respondent. | Case No.: 1:11-cv-01446-LJO-JLT<br><br>ORDER DIRECTING PARTIES TO FILE BRIEFS WITHIN THIRTY DAYS |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　The instant petition for writ of habeas corpus was filed on August 29, 2011.  (Doc. 1). Petitioner, is in the custody of the Bureau of Prisons and serving a 1107-month sentence at the United States Penitentiary, Atwater, California.  This sentence stems from his 1999 conviction in the United States District Court for the Eastern District of North Carolina, on four counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and four counts of use of a firearm during and in relation to a crime of violation in violation of 18 U.S.C. § 924( c)(1). (Doc. 13, Ex. 1).  The petition challenges the BOP's policy of regularly withdrawing funds from Petitioner's prison account to satisfy the sentencing court's restitution order pursuant to the Inmate Financial Responsibility Program ("IFRP").  Petitioner alleges that the BOP's collection of restitution under the IFRP is illegal where the sentencing court failed to either set forth a specific schedule of payment or set forth a specific

1

1  amount of restitution in its judgment.  (Doc. 1, p. 3). Petitioner also contends that the IFRP violates the
2  Mandatory Victims Restitution Act ("MVRA") by infringing upon the sentencing court's exclusive
3  authority to schedule restitution repayments.  (Id., p. 9).
4     On September 8, 2011, the Court ordered Respondent to file a response to the petition.  (Doc.
5  11).  On November 7, 2011, Respondent filed the instant motion to dismiss, contending that the
6  petition should be dismissed because the claims are unexhausted and because, under Ninth Circuit
7  precedent, the IFRP has been found to be a lawful procedure for satisfying a sentencing court's
8  restitution order.  (Doc. 13). On December 9, 2011, Petitioner filed his opposition to the motion to
9  dismiss, contending that the issue is not whether the IFRP constitutes an unlawful delegation of
10 authority to the BOP but whether any program of repayment can be lawful where the sentencing court
11 fails to specify a repayment schedule or even a specific amount of restitution.  (Doc. 14, p. 11).
12    On January 12, 2012, the Magistrate Judge assigned to the case issued Findings and
13 Recommendations to grant the motion to dismiss.  (Doc. 15).  On February 23, 2012, the District
14 Judge adopted those Findings and Recommendations, entered judgment, and closed the case.  (Docs.
15 17 & 18).  Petitioner subsequently appealed the dismissal to the Ninth Circuit Court of Appeals which,
16 on February 21, 2014, reversed the judgment of the district court and remanded the case for further
17 consideration of Petitioner's restitution order based upon the Ninth Circuit's intervening decision in
18 Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012).  (Docs. 32 & 33).
19    In the interests of judicial economy, and to facilitate the issuance of a final order on remand,
20 the Court will permit the parties to file concurrent briefs within thirty days of the date of this order.
21 The briefs should be limited to the following two issues:
22    1. The applicability and effect of Ward v. Chavez, 678 F.3d 1042 on the claims raised in the
23 instant petition.
24    2.  Whether the petition should be dismissed for failure to exhaust administrative remedies.  If
25 a party asserts the petition should be dismissed on this basis, the party SHALL address the following
26 questions: (a) would exhaustion still be futile now in light of Ward and the BOP's current policies? (b)
27 is the Court bound by its pre-Ward finding that exhaustion was futile at the time of the filing of the
28 petition? and, (c) if the Court finds that exhaustion would not be futile at this time, would Petitioner be

time-barred or procedurally barred, or otherwise suffering any legal impediment to now pursuing exhaustion of the administrative remedies?

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that the parties SHALL FILE briefs addressing the issues listed above **within thirty days** of the date of service of this order.  No reply briefs or further briefing will be permitted.  No extensions of time will be granted absent the existence of extraordinary circumstances beyond the control of the parties.

Failure to file supplemental briefing will result in the Court issuing a dispositive ruling upon the argument and information currently before it.

IT IS SO ORDERED.

Dated:   **May 15, 2014**                      **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE