1
2
3
4
5
6
7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   TERRANCE LAMONT MOORE,                )   Case No.: 1:11-cv-01446-LJO-JLT
                                           )
12              Petitioner,                )   FINDINGS AND RECOMMENDATIONS TO
                                           )   DISMISS PETITION FOR WRIT OF HABEAS
13       v.                                )   CORPUS AS MOOT (Doc. 1)
                                           )
14   H. A. RIOS,                           )
                                           )
15              Respondent.                )
     _____ )

16

17       Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241.

19                              **PROCEDURAL HISTORY**

20       The instant petition for writ of habeas corpus was filed on August 29, 2011.  (Doc. 1).

21   Petitioner, presently in the custody of the Bureau of Prisons ("BOP") and serving a 1107-month

22   sentence at the United States Penitentiary, Atwater, California, for his 1999 conviction in the United

23   States District Court for the Eastern District of North Carolina for four counts of armed bank robbery

24   in violation of 18 U.S.C. §§ 2113(a) and (d), and four counts of use of a firearm during and in relation

25   to a crime of violation in violation of 18 U.S.C. § 924( c)(1).  (Doc. 13, Ex. 1).  The petition

26   challenges the BOP's policy of regularly withdrawing funds from Petitioner's prison account to satisfy

27   the sentencing court's restitution order pursuant to the Inmate Financial Responsibility Program

28   ("IFRP").  Petitioner alleges that the BOP's collection of restitution under the IFRP is illegal where

1

the sentencing court failed to either set forth a specific schedule of payment or set forth a specific amount of restitution in its judgment.  (Doc. 1, p. 3).  Petitioner also contends that the IFRP violates the Mandatory Victims Restitution Act ("MVRA") by infringing upon the sentencing court's exclusive authority to schedule restitution repayments.  (Id., p. 9).

On September 8, 2011, the Court ordered Respondent to file a response to the petition.  (Doc. 11).  On November 7, 2011, Respondent filed the instant motion to dismiss, contending that the petition should be dismissed because the claims are unexhausted and because, under Ninth Circuit precedent, the IFRP has been found to be a lawful procedure for satisfying a sentencing court's restitution order.  (Doc. 13).  On December 9, 2011, Petitioner filed his opposition to the motion to dismiss, contending that the issue is not whether the IFRP constitutes and unlawful delegation of authority to the BOP but whether any program of repayment can be lawful where the sentencing court fails to specify a repayment schedule or even a specific amount of restitution.  (Doc. 14, p. 11).

On January 12, 2012, the Magistrate Judge assigned to the case issued Findings and Recommendations to grant the motion to dismiss.  (Doc. 15).  On February 23, 2012, the District Judge adopted those Findings and Recommendations, entered judgment, and closed the case.  (Docs. 17 & 18).  Petitioner subsequently appealed the dismissal to the Ninth Circuit Court of Appeals which, on February 21, 2014, reversed the judgment of the district court and remanded the case for further consideration of Petitioner's restitution order based upon the Ninth Circuit's intervening decision in Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012).  (Docs. 32 & 33).  Following remand, this Court ordered the parties to file briefs addressing two questions: (1) the applicability to and effect of Ward v. Chavez on this case, and (2) whether the petition should be dismissed for Petitioner's failure to exhaust his administrative remedies.  (Doc. 36).  Both parties filed briefs as requested by the Court. (Docs. 40 & 41).  In his brief, Respondent argues that the petition should not be dismissed as unexhausted but should be dismissed as moot because, pursuant to Ward, Petitioner was exempted from the Inmate Financial Responsibility Program ("IFRP") and no further amounts have been collected from him based on the trial court's restitution order.  Petitioner contends that exhaustion would be futile and that the original restitution order is unlawful.

///

2

**DISCUSSION**

A.  Preliminary Considerations: Exhaustion.

In its original order, this Court concluded that it had habeas jurisdiction to consider Petitioner's claim and that, although potentially unexhausted, requiring exhaustion would have been futile.  (Doc. 15).  The Ninth Circuit, in its order reversing the district court's judgment, also found jurisdiction and concluded that exhaustion should be excused.  The Court is not aware of any circumstances that have occurred since the Court last exercised jurisdiction over this case that would alter the Court's prior analysis regarding exhaustion.  Accordingly, the Court will proceed to the merits of Petitioner's claim.

B.  Validity of Petitioner's Restitution Order.

Petitioner contends that the IFRP violates the Mandatory Victims Restitution Act ("MVRA") by infringing upon the sentencing court's exclusive authority to schedule restitution repayments.  (Id., p. 9).  Based upon the Ninth Circuit's decision in Ward, the Court agrees.

1.  The IFRP

The BOP's IFRP applies to nearly all post-trial inmates in federal facilities and is meant to encourage inmates to meet their "legitimate financial obligations." See 28 C.F.R. § 545.10; United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir.2008). Under the IFRP, staff members develop a financial plan for each inmate and monitor his progress in adhering to that plan. See 28 C.F.R. §§ 545.10, 545.11; Lemoine, 546 F.3d at 1047. The IFRP is a voluntary program and inmates are free to decline to participate in the IFRP, but the failure to participate in or to comply with a financial plan created pursuant to the program, carries consequences, such as denials of or limitations on furloughs, pay, work detail, commissary spending, housing status, and placement in community-based programs. See 28 C.F.R. § 545.11(d); Lemoine, 546 F.3d at 1047. In Lemoine, 546 F.3d at 1049, the Ninth Circuit held that such consequences are reasonably related to the legitimate penological interest of rehabilitation and do not constitute such an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that they invoke any constitutionally protected liberty interest.

2.  The MVRA

The MVRA provides in pertinent part as follows:

(f) (1)(A) In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

(B) In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.

(2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—

(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

(B) projected earnings and other income of the defendant; and

(C) any financial obligations of the defendant; including obligations to dependents.

18 U.S.C. § 3664(f)(1)-(2). The statute has been construed to require the court itself to specify the manner in which, and the schedule according to which, the restitution is to be paid; the court's duty to set a schedule for the payment of restitution is non-delegable. United States v. Gunning (Gunning I ), 339 F.3d 948, 949 (9th Cir.2003) (holding that a district court's order making restitution payable "immediately," with any amount unpaid after the defendant's release "to be paid during the period of supervision as directed by a U.S. probation officer," assigned full control of subsequent payment to the probation office and thus constituted an impermissible delegation of the court's authority to the probation officer); United States v. Gunning (Gunning II ), 401 F.3d 1145, 1149 (9th Cir.2005) (holding that the district court's order directing the payment of restitution "immediately," to be paid through the BOP's IFRP program during the time that the defendant was imprisoned, and to be paid in monthly installments of not less than ten percent of the defendant's gross income commencing thirty days after release from imprisonment, constituted an impermissible delegation of authority because there was no adequate provision for payment during the period of imprisonment between the petitioner's sentencing and the petitioner's supervised release).  Pursuant to this line of cases, a district court's order that restitution is due or is to be paid "immediately," made with an expectation that the BOP or probation will work out the details of payment over time, constitutes an impermissible delegation of authority. Ward v. Chavez, 678 F.3d at 1047–48.

4

An order to pay restitution immediately may be permissible if it involves no delegation of the scheduling of payment, such as where the court determines that the defendant has the financial ability to pay the restitution in full at that time. However, a sentencing court has a duty to consider the defendant's financial position in determining a restitution payment schedule. 18 U.S.C. § 3664(f)(2); United States v. Martin, 278 F.3d 988, 1006 (9th Cir.2002); Ward v. Chavez, 678 F.3d at 1048–49. The statute governing the mode of payment of restitution provides, "A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d). Where a district court determines that the defendant's financial resources are such that periodic payments are unwarranted, then it is appropriate for a district court to order payment immediately; in such circumstances, no improper delegation occurs. Ward v. Chavez, 678 F.3d at 1049–50; United States v. Martin, 278 F.3d 988, 1006 (9th Cir.2005) (holding that it was correct to order immediate payment where the district court had before it information concerning the defendant's financial resources that it presumably considered and found insufficient to warrant periodic payments). In contrast, where the defendant has insufficient financial resources to make immediate repayment, then the district court, as distinct from the BOP or probation, must set a repayment schedule in the judgment of conviction in order to discharge its duties under the MVRA. Ward v. Chavez, 678 F.3d at 1049. Where a court orders immediate payment without considering the defendant's ability to pay, the restitution order is insufficient because it fails to set forth a payment schedule. Id. The court in Ward v. Chavez summarized the authorities as follows:

> For a restitution order to be lawful, therefore, § 3664 requires that the district court set a schedule in consideration of the defendant's financial resources. If the court considers the defendant's financial resources and concludes that periodic payments are unwarranted "in the interest of justice," the order is lawful, as we concluded in Martin. If, however, the district court simply orders immediate repayment and leaves it to another agency, like the BOP, to actually set the payment schedule that the statute obligates the court to determine, that order is unlawful, as the district court has abdicated in its duty to set the schedule "in consideration of" the financial circumstances of the defendant.

Ward v. Chavez, 678 F.3d at 1050.  Hence, the BOP "lacks the authority to collect restitution payments through the IFRP" when the criminal judgment does not include such a schedule. Id. at 1051.

The facts and claims in this case appear to be indistinguishable from those in <u>Ward</u>, a conclusion tacitly acknowledged by Respondent when the BOP took the initiative to review Petitioner's case in light of <u>Ward</u> and subsequently to exempt Petitioner from having funds withdrawn under the IFRP. The restitution order at issue here states that the restitution amount of $197,504.60 is due in full immediately. (Doc. 13, Ex. 1, p. 7).  Under the heading "Schedule of Payments," the method of payment indicated is "in full immediately."  (<u>Id</u>., p. 8).  As mentioned, four financial institutions are listed as payees, with specific amounts of restitution indicated for each payee.  (<u>Id</u>., p. 7).  The only other direction regarding restitution reads as follows:

> "Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments are to be made to the United States District Court, Easter District of North Carolina, Post Office Box 198559, Atlanta, Georgia 30384, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program."

(Doc. 13, Ex. 1, p. 8).

Thus, just as in <u>Ward</u>, the restitution order in this case fails to set a payment schedule during the period of imprisonment even though the order requires payment of restitution during that period. Accordingly, the restitution order violates the MVRA. Therefore, the BOP lacks the authority under that order to collect restitution payments from Petitioner through the IFRP. <u>See e.g., Becker v. McGrew</u>,  2012WL, at *2-3 (C.D.Cal. Nov. 21, 2012); <u>Freeman v. Apker</u>, 2011 WL 6412566, at *2–3 (D.Ariz. Dec.21, 2011); <u>Ybarra v. Smith</u>, 2010 WL 5361833, at *1–2 (D.Ariz. Dec.21, 2010); <u>LeBlanc v. Norwood</u>, 2010 WL 2891539, at *3–5 (C.D.Cal., May 6, 2010) (Report and Recommendation Accepted and Adopted, 2010 WL 2891538 (C.D.Cal. July 16, 2010)); <u>Sours v. Chavez</u>, 2009 WL 2714028, at *4–5 (D.Ariz. Aug.27, 2009).

However, the issue of whether the restitution order is valid or not, which the Court has just answered, is a separate and distinct question from what relief is appropriate in this case.  Even Petitioner does not ask that this Court overturn the sentencing Court's original order;[1] rather,

---

[1] While Petitioner has the right to request that the original restitution order be vacated, he appears to realize that the sentencing Court would then be obligated to issue a new restitution order, presumably one that is in compliance with <u>Ward</u>,

1    Petitioner states in the petition that collection of funds under the IFRP is illegal and that BOP has been

2    unlawfully withdrawing Petitioner's funds based upon an illegal sentencing order.  (Doc. 1, p. 3).

3    Implicit in those statements is Petitioner's desire to terminate further withdrawals of funds from his

4    prison account pursuant to IFRP.  Nowhere in the petition does Petitioner either implicitly or explicitly

5    seek to overturn the restitution order and seek a new order from the sentencing court.  To the contrary,

6    Petitioner's clear concern is limited to avoiding the withdrawal of further money from his prison

7    account based on that order.

8         Respondent argues that Petitioner has received what he has asked for because Respondent,

9    after conducting a post-Ward review, has exempted Petitioner from the IFRP and no further funds of

10   his will be withdrawn pursuant to that program.  Thus, Respondent reasons, the petition is now moot.

11   The Court agrees.

12        The case or controversy requirement of Article III of the Federal Constitution deprives the

13   Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104

14   S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352

15   (9th Cir. 1984.  A case becomes moot if the "the issues presented are no longer 'live' or the parties

16   lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The

17   Federal Court is "without power to decide questions that cannot affect the rights of the litigants before

18   them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v.

19   Hayworth, 300 U.S. 227, 240-241 (1937).

20        Here, the instant petition does not contain any express request for relief:  Rather, as mentioned,

21   Petitioner is seeking to bar Respondent from withdrawing further funds from his prison account based

22   on the IFRP.  (Doc. 1, p. 3).  Respondent has submitted documentation establishing that Petitioner's

23   request was satisfied by placing him on exempt status whereby no future sums would be withdrawn

24   from his personal account pursuant to IFRP. (Doc. 40, Decl. of Angela Overstreet, p. 4; Ex. 1).  Thus,

25   Petitioner has received the relief which he implicitly requested in his petition, and no case or

26

27

28   that might have negative financial consequences for Petitioner that the present situation, i.e., being exempt from the IFRP,
     does not.

controversy presently exists.  Because there is no further relief that this Court can provide to Petitioner, the petition is now moot and must therefore be dismissed.

### FINDINGS & RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** as **MOOT**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed **within ten days** after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 16, 2014**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE